**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAVID WARD and JOCELYN WARD,

Plaintiffs,

v.

FRANK NOONAN; COLONEL JEFFREY MILLER; CORPORAL JOHN M. YENCHA; TROOPER JAMES DUGHI; TROOPER ROBERT HUTCHINSON; TROOPER JEFFREY CREEDEN; TROOPER JOHN KERN; TROOPER BRIAN FEDOR; TROOPER BENJAMIN BIGGUS; TROOPER THOMAS BLAIR; BOROUGH OF CANTON; CHIEF DOUGLAS SEELEY, *individually and in his capacity as Chief of the Canton Borough Police Department*; BOROUGH OF TOWANDA; SERGEANT JOHN STROZYK, *individually and in his capacity as an Officer of the Towanda Borough Police*; OFFICER JAMES L. HART, *individually and in his capacity as an Officer of the Towanda Borough Police Department*;

Defendants.

CIVIL ACTION NO. 3:11-CV-945

(JUDGE CAPUTO)

**MEMORANDUM**

Plaintiffs David and Jocelyn Ward bring this suit pursuant to 42 U.S.C. §§ 1983 and 1988, alleging constitutional violations and tort claims under state law. The Defendants in this action are troopers with the Pennsylvania State Police ("PSP"), an officer with the Canton Borough Police Department ("CBPD") and the borough itself, and two officers with the Towanda Borough Police Department ("TBPD") and the borough itself. Defendants

Benjamin Biggus, Thomas Blair, Jeffrey Creeden, James Dughi, Brian Fedor, Robert Hutchison, John Kern, Jeffrey Miller, Frank Noonan, and John Yencha (the "PSP Defendants") move for judgment on the pleadings.  Defendants James Seeley and the Borough of Canton (the "Canton Defendants") move to dismiss.  Defendants James Hart, John Strozyk, and the Borough of Towanda (the "Towanda Defendants") separately move to dismiss.

Mr. Ward did not state a claim under § 1983 against any PSP Defendant other than James Dughi and failed to state a claim against any Defendant under the Fourteenth Amendment; further, the PSP Defendants are immune from state tort suits.  Therefore, the PSP Defendants' motion will be granted.

Mr. Ward also failed to state a claim under § 1983 or the Fourteenth Amendment against the Canton Defendants, and § 1988 is not a separate cause of action, so the Canton Defendants' motion will be granted.

Finally, the Towanda Defendants' motion will be granted in part because Mr. Ward failed to state a claim under § 1983 or the Fourteenth Amendment against James Hart and the Borough of Towanda, and he failed to state a punitive damages claim against John Strozyk.  But because Mr. Ward stated a claim under § 1983 against John Strozyk and it is premature to consider the issue of qualified immunity, the Towanda Defendants' motion will be denied in part.

## I. Background

The facts as alleged in the Wards' complaint are as follows:

Just after midnight on May 24, 2009, Plaintiff Jocelyn Ward's vehicle was stopped at a DUI checkpoint on State Road Fourteen in Canton Borough, Pennsylvania.  The

checkpoint was set up and operated jointly by the PSP, the CBPD, and the TBPD. The Chief of the CBPD, Defendant Douglas Seeley, had requested the establishment of the checkpoint. It was supervised by Defendant Corporal John Yencha and was staffed by the other individual Defendants, all members of the PSD, CBPD, and TBPD.

Ms. Ward's husband, David Ward, was a passenger in the vehicle when it was stopped. Mr. Ward was sitting in the front passenger seat wearing shorts and a t-shirt with cut-off sleeves. It was clearly visible that he was wearing his seatbelt and was not carrying any weapons.

During the vehicle stop, Mr. Ward made several vulgar statements. In response, Defendant Trooper James Dughi placed Mr. Ward under arrest for disorderly conduct. He ordered Mr. Ward out of the vehicle, but Mr. Ward could not exit immediately because of his seatbelt. Instead of waiting for Mr. Ward to unbuckle his seatbelt and get out of the car, Trooper Dughi began attempting to forcibly remove Mr. Ward using pain compliance techniques. Mr. Ward was eventually able to remove his seatbelt and begin exiting the vehicle.

As Mr. Ward got out of the car, Trooper Dughi tasered him. While tasering Mr. Ward, Trooper Dughi instructed him to get on the ground. Mr. Ward dropped to the ground, then Defendant Sergeant Jack Strozyk grabbed his head in order to force him to the ground. Trooper Dughi then tasered Mr. Ward again. Mr. Ward was lying on the ground, held down by two law enforcement agents, when Trooper Dughi tasered him a third time. All three uses of the taser occurred within a period of twenty-two seconds, and each time, Mr. Ward was immobilized and suffered excruciating pain. At no point during the course of events did Mr. Ward resist or act aggressively toward Trooper

Dughi or any other law enforcement agent at the checkpoint. The force used at the time of arrest caused several injuries to Mr. Ward, resulting in the disability of his right arm.

Mr. Ward was handcuffed, removed from the scene, and charged with disorderly conduct and resisting arrest. On April 27, 2010, Mr. Ward had a jury trial at which he was found not guilty of all charges.

The Wards filed suit in the Middle District of Pennsylvania on May 17, 2011; they amended their complaint on May 23, 2011. Mr. Ward brings claims pursuant to 42 U.S.C. §§ 1983 and 1988, alleging violations of his constitutional rights to freedom from unreasonable seizure, excessive force, unlawful arrest, and malicious prosecution; freedom to be secure in his person and property; due process of the law; and freedom of speech. He also brings tort claims of assault, false imprisonment, and malicious prosecution. The Wards together bring claims of intentional infliction of emotional distress and loss of consortium. As a remedy, they seek compensatory and punitive damages as well as attorneys fees and costs.

The PSP Defendants moved for judgment on the pleadings on July 28, 2011. The Canton Defendants moved to dismiss on July 28, 2011. The Towanda Defendants moved to dismiss on July 28, 2011. The motions have been fully briefed and are ripe for disposition.

## II.  Discussion

### A. Legal Standard

#### 1. Motion to Dismiss

The Canton and Towanda Defendants have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides for the dismissal of a

complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959 (2009) (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Thus, when determining the sufficiency of a complaint, a court must undertake a three-part inquiry. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The inquiry involves: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.*

**2. Judgment on the Pleadings**

The PSP Defendants have filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). That rule allows a party to move for judgment "[a]fter the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P.

12(c). Judgment on the pleadings is appropriate "if the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirika v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). As with a motion to dismiss, the court must view the facts and the inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Id.*

**B. State Law Claims**

The state law claims must be dismissed as to all PSP Defendants. Under Pennsylvania law, employees of the Commonwealth are immune from suit. 1 Pa. C.S.A. § 2310. The Pennsylvania General Assembly has waived immunity for nine categories of negligence actions, 42 Pa. C.S.A. § 2310, but has not waived immunity for the intentional torts such as those alleged by the Wards. The Wards concede in their brief that the PSP Defendants are immune from suit on the state law torts, and so the PSP Defendants' motion to dismiss these claims will be granted.

**C. Section 1983**

42 U.S.C. § 1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen . . . or any other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n.9 (1999) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To prevail in an action under § 1983, a plaintiff must demonstrate: (1) a violation of a right secured by

the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). “Action under color of state law ‘requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.” *Harvey v. Plains Twp. Police Dep’t*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998)). Here, the parties do not dispute that all Defendants acted under color of state law.

**1. Liability of Individual Officers**

To establish individual liability in a § 1983 case, a plaintiff must show that the defendant had “personal involvement in the alleged wrongs.” *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Where a supervisor[1] did not directly participate in violating a plaintiff’s rights, he may still be liable under § 1983 where he “directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates’ violations.” *A.M. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). A supervisor may also be liable under § 1983 “if he or she implements a policy or practice that creates an unreasonable risk of a constitutional violation on the part of the subordinate and the supervisor’s failure to change the policy or employ corrective practices is a cause of this unconstitutional conduct.” *Brown v. Muhlenberg*

---

[1] Based on the Supreme Court’s decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit has “expressed uncertainty as to the viability and scope of supervisory liability.” *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 70 (3d Cir. 2011) (internal citations omitted). For the purposes of this motion, however, the continued validity of imposing liability on a supervisor will be assumed.

*Twp.*, 269 F.3d 205, 216 (3d Cir. 2001). A supervisor cannot be held liable, however, on a theory of *respondeat superior*. *Rode*, 845 F.2d at 1207.

Because Mr. Ward has only established the individual liability of Trooper Dughi and Sergeant Strozyk, the § 1983 claims against all other Defendants in their individual capacities will be dismissed.[2] Mr. Ward's complaint clearly establishes that Trooper Dughi and Sergeant Strozyk had personal involvement in the alleged violation of Mr. Ward's rights: both used force against Mr. Ward during the arrest. But the complaint does not include any specific references to Colonel Miller, Officer Hart, or Troopers Hutchinson, Creeden, Kern, Fedor, Biggus, or Blair. It only states that these Defendants staffed the checkpoint, which is insufficient to demonstrate personal involvement–the troopers may not have even been aware of the incident. The complaint does individually reference Chief Seeley and Corporal Yencha, stating that Chief Seeley requested that the law enforcement agencies establish the checkpoint and that Corporal Yencha supervised and administered the checkpoint. But there are no allegations that either of them directed, knew of, or acquiesced in the allegedly unconstitutional actions, nor that they implemented and failed to change any policy or practice causing the conduct. Finally, Mr. Ward claims that he inadvertently referred to Commissioner Noonan instead of Colonel Miller in paragraph 61 of the claim. In that paragraph, Mr. Ward alleges the implementation of specific practices that resulted in the alleged violations of his rights. Because the sole allegations against him in the complaint were improperly made, the

---

[2] Because the § 1983 claims against Chief Seeley and Officer Hart will be dismissed, there is no need to their arguments regarding qualified immunity, punitive damages or the sufficiency of the Fourth Amendment claim against them.

§ 1983 claim against Commissioner Noonan must be dismissed.

Mr. Ward will, however, be granted leave to amend his complaint. "[W]hen an individual has filed a complaint under § 1983 which is dismissable for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can." *Darr v. Wolfe*, 767 F.2d 79, 81 (3d Cir. 1995). Mr. Ward will have twenty-one days to amend his complaint in order to properly make allegations against Colonel Miller in paragraph 61 instead of Commissioner Noonan[3] or, if possible, to establish the particular involvement of Commissioner Noonan or Troopers Hutchinson, Creeden, Kern, Fedor, Biggus, or Blair.

**2. Municipal Liability**

The Supreme Court determined in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 692 (1978), that a municipality or other local government may be subject to liability under § 1983. But local governments "are responsible only for their *own* illegal acts"; they cannot be held vicariously liable under § 1983 for their employees' actions. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Thus, to establish municipal liability under § 1983, a plaintiff must prove that "action pursuant to official municipal policy" caused his injury. *Monell*, 436 U.S. at 691. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of

---

[3] The PSP Defendants argue that Mr. Ward cannot demonstrate any supervisory liability on the part of Colonel Miller because he retired prior to the incident on August 8, 2008. But whether Colonel Miller implemented policies or practices during his tenure that caused the allegedly unconstitutional conduct after his tenure is a question of fact and cannot be decided on a motion for judgment on the pleadings.

law." *Connick*, 131 S. Ct. at 1359.

Mr. Ward fails to establish municipal liability under § 1983 against the Borough of Canton. Because Mr. Ward failed to allege any specific constitutional violation by Chief Seeley, there is no basis upon which to hold Canton liable. *See Hill v. Borough of Klutztown*, 455 F.3d 225, 245 (3d Cir. 2006) ("There cannot be an award of damages against a municipal corporation based on the actions of one of its officers when . . . the officer inflicted no constitutional harm.") (quoting *Grazier ex rel. White v. City of Phila.*, 328 F.3d 120, 124 (3d Cir. 2003)). Therefore, this claim will be dismissed–though if Mr. Ward amends his complaint to allege involvement by Chief Seeley, he may then attempt to assert the borough's liability.

Turning to Mr. Ward's allegations against the Borough of Towanda, a review of the complaint demonstrates that Mr. Ward's allegations of municipal liability are primarily conclusory allegations. Mr. Ward states that the municipal Defendants "have encouraged, tolerated, ratified, and has [sic] been deliberately indifferent to the following patterns, practices, and customs and the need for more or different training, supervision, investigation or discipline." Am. Complaint at ¶ 61. This allegation is "nothing more than a formulaic recitation of the elements" of a municipal liability claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). Although the complaint goes on to list seven specific patterns, practices, or customs,[4] the laundry list of elements obscures how each individual practice was actually implemented–for instance, did the borough encourage excessive force or was it deliberately indifferent to excessive force? Because these

[4] Those are: arresting citizens who use vulgar language, the proper exercise of police powers, failure to discipline officers subject to misconduct complaints, excessive force and unlawful arrest, proper use of tasers, failure to follow policies regarding force and arrest, and failure to discipline officers who conceal or aid and abet in constitutional violations of other officers. Am. Complaint at ¶ 61(a)-(g).

allegations are conclusory, they cannot be considered when evaluating the sufficiency of a complaint. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Once these conclusory allegations have been stricken, it is clear that the remaining factual allegations do not sufficiently plead municipal liability. Mr. Ward alleges that the Borough of Towanda "set up, operated and maintained" the DUI checkpoint and that Sergeant Strozyk, an officer with the TPD, grabbed Mr. Ward's head while making an arrest. Neither of these statements alleges that the borough established a policy or that the policy caused a violation of Mr. Ward's rights. Thus, the claim against the Borough of Towanda will be dismissed. Mr. Ward may, however, amend his complaint in order to support his legal conclusions with factual allegations. *See Iqbal*, 129 S. Ct. at 1950.

**3. Fourteenth Amendment**

Mr. Ward's claims under the Fourteenth Amendment will be dismissed for failure to state a claim. The complaint states that the Defendants' actions violated Mr. Ward's due process rights. The Due Process Clause of the Fourteenth Amendment prohibits states from depriving "any person of life, liberty, or property without due process of the law." U.S. Const. amend. XIV. Due process under the Fourteenth Amendment "has both substantive and procedural components." *Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 658 (3d Cir. 2011). In his opposition brief, Mr. Ward states that he is not pursuing a substantive due process claim. Nor does he appear to bring a procedural due process claim.[5] Although it is difficult to understand Mr. Ward's explanation, it

[5] If that was Mr. Ward's intent, he failed. To state a claim for deprivation of procedural due process, Mr. Ward would need to allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty or property; and (2) the procedures available did not provide due process of law. *See Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Here, Mr. Ward has not specifically alleged what the deprivation was, though presumably it would be his liberty. He has also

appears that he did not intend to bring an independent claim under the Fourteenth Amendment. Rather, he mentioned the amendment in his complaint because that amendment incorporates the First and Fourth Amendment against the states. But Mr. Ward need not include a cause of action under the Fourteenth Amendment in order to state a claim pursuant to § 1983 for a violation of his First or Fourth Amendment rights. Because Mr. Ward has failed to state a claim under the Fourteenth Amendment, the PSP's motion to dismiss the claim will be granted. Mr. Ward will be granted leave to amend, however, in order to properly allege a Due Process Clause violation if that was his intention.

**4. Fourth Amendment**

The Fourth Amendment protects an individual's right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. Mr. Ward's complaint alleges that both his arrest and the force used during the arrest violated his Fourth Amendment rights. The Towanda Defendants move to dismiss Mr. Ward's claim against Sergeant Strozyk for excessive force, but do not challenge the unlawful arrest claim.

"To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004). Here, the Towanda Defendants do not dispute that Mr. Ward's arrest was a seizure; rather, they argue that Officer Strozyk did not, as a matter of law, use an unreasonable amount of force to effect that seizure.

---

failed to allege that the procedures available were insufficient. Rather, Mr. Ward's complaint only states that he was deprived of "due process." This is a mere legal conclusion and is insufficient to state a claim.

Reasonableness under the Fourth Amendment is determined by considering whether "the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard the their underlying intent or motivations." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Factors to consider include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he actively is resisting arrest or attempting to evade arrest by flight." *Id.* at 396. Other considerations may include "the possibility that the persons subject to the police action are violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Id.* Finally, reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," keeping in mind that "police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97.

Mr. Ward has sufficiently alleged that Sergeant Strozyk used excessive force. The Defendants point out that the complaint only alleges that Sergeant Strozyk grabbed Mr. Ward's head in order to force him to the ground, and they argue that this alone cannot constitute excessive force. But the context of that action suggests that the force may have been unreasonable. Viewing the facts in the complaint as true, Mr. Ward did not resist his arrest for a minor crime, and Sergeant Strozyk grabbed his head to push him to the ground during a series of taserings. These allegations state a claim for excessive force and thus it is not appropriate to dismiss Mr. Ward's excessive force claim against Sergeant Strozyk.

**4. Qualified Immunity**

Sergeant Strozyk also moves to dismiss the claims against him on the grounds that he is entitled to qualified immunity.  Under the doctrine of qualified immunity, government officials are immune from suit for damages where their conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (internal quotations omitted) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Qualified immunity protects government officials whether they have made a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *Id.*  To determine whether qualified immunity applies, a court must examine "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right" and "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* at 232 (internal citations omitted).  A court may exercise its discretion in choosing which prong to address first, considering the circumstances of the particular case. *Id.* at 236.

Because there are disputed issues of fact, it is not appropriate to decide the issue of qualified immunity at this stage.  Because the privilege is "an immunity from suit rather than a mere defense to liability," *Pearson v. Callahan*, 555 U.S. 223, 237 (2009), courts should address the issue of qualified immunity "at the earliest possible stages of litigation," *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 242 n.7 (3d Cir. 2008).  But "[a] decision on qualified immunity will be premature when there are unresolved disputes of historical facts relevant to the immunity analysis." *Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2002).  Here, Sergeant Strozyk argues that Mr. Ward repeatedly refused to exit the vehicle.  Mr. Ward, on the other hand, claims that he was cooperative and did not resist. Because there is a disputed issue of fact material to the qualified immunity

determination, Sergeant Strozyk's motion will be denied. This ruling will be without prejudice to the Defendants' ability to raise the argument again on a later motion.

**C. Section 1988**

Mr. Ward's claims under 42 U.S.C. § 1988 will be dismissed. Mr. Ward's complaint states a cause of action for a "violation of civil rights pursuant to 42 U.S.C. §§ 1983 and 1988." Section 1988 is not itself a cause of action; rather, it is "intended to complement the various acts which do create federal causes of action for the violation of federal rights" by setting regulations as to choice of laws, attorneys fees, and experts fees in a federal civil rights suit. *Moor v. Alameda Cnty.*, 411 U.S. 693, 702 (1973). Because a plaintiff may not sue directly under § 1988, Mr. Ward's claim under the statute is dismissed.

**D. Punitive Damages**

Sergeant Strozyk's motion to dismiss Mr. Ward's claim for punitive damages will be granted. Under § 1983, a jury may assess punitive damages "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). In the context of punitive damages in civil rights cases, the term "'reckless indifference' refer[s] not to the egregiousness of the [defendant's] conduct, but rather to the [defendant's] knowledge that it may be acting in violation of federal law." *Alexander v. Riga*, 208 F.3d 419, 430 (3d Cir. 2000) (quoting *Kolstad v. Amer. Dental Ass'n*, 572 U.S. 526, 535 (1999)). Mr. Ward's complaint does not allege that Sergeant Strozyk or any other individual Defendant had an evil or motive intent or was recklessly indifferent. Therefore, Mr. Ward has improperly pleaded his claim for punitive damages.

The claim will be dismissed against Sergeant Strozyk and Trooper Dughi, but Mr. Ward will be given leave to amend.

**CONCLUSION**

For the reasons stated above, the PSP Defendants' motion for judgment on the pleadings will be granted, the Canton Defendants' motion to dismiss will be granted, and the Towanda Defendants' motion to dismiss will be granted in part and denied in part. An appropriate order follows.

December 7, 2011
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAVID WARD and JOCELYN WARD,

Plaintiffs,

v.

FRANK NOONAN; COLONEL JEFFREY MILLER; CORPORAL JOHN M. YENCHA; TROOPER JAMES DUGHI; TROOPER ROBERT HUTCHINSON; TROOPER JEFFREY CREEDEN; TROOPER JOHN KERN; TROOPER BRIAN FEDOR; TROOPER BENJAMIN BIGGUS; TROOPER THOMAS BLAIR; BOROUGH OF CANTON; CHIEF DOUGLAS SEELEY, *individually and in his capacity as Chief of the Canton Borough Police Department*; BOROUGH OF TOWANDA; SERGEANT JOHN STROZYK, *individually and in his capacity as an Officer of the Towanda Borough Police*; OFFICER JAMES L. HART, *individually and in his capacity as an Officer of the Towanda Borough Police Department*;

Defendants.

CIVIL ACTION NO. 3:11-CV-945

(JUDGE CAPUTO)

**ORDER**

**NOW**, this 7th day of December, 2011, **IT IS HEREBY ORDERED** that:

(1) The PSP Defendants' motion for judgment on the pleadings (Doc. 15) is **GRANTED**. Mr. Ward's state law tort and Fourteenth Amendment claims against Frank Noonan, Jeffrey Miller, John Yencha, James Dughi, Robert Hutchinson, Jeffrey Creeden, John Kern, Brian Fedor, Benjamin Biggus, and Thomas Blair are **DISMISSED**. The § 1983 claims against Frank Noonan, Jeffrey Miller, John Yencha, Robert Hutchinson, Jeffrey Creeden, John Kern, Brian Fedor, Benjamin Biggus, and Thomas Blair are **DISMISSED**; but the § 1983 claim against James Dughi was not challenged and thus survives. Mr. Ward's punitive damages claim against James Dughi is **DISMISSED.** Mr. Ward has **twenty-one (21) days** to amend his complaint to properly plead § 1983 claims against the Defendants or to properly plead a punitive

damages claim against James Dughi; otherwise, the claims will be dismissed with prejudice.

(2) The Canton Defendants' motion to dismiss (Doc. 17) is **GRANTED**.  The § 1983, § 1988, and Fourteenth Amendment claims against Douglas Seeley and the Borough of Canton are **DISMISSED**.  Mr. Ward has **twenty-one (21) days** to amend his complaint to properly plead § 1983 claims against the Defendants; otherwise, the claims will be dismissed with prejudice.

(3) The Towanda Defendants' motion to dismiss (Doc. 18) is **GRANTED in part and DENIED in part.**  The § 1983 claims against James Hart and the Borough of Towanda are **DISMISSED**, but the claim against John Strozyk survives.  The § 1988 and Fourteenth Amendment claims against all Defendants are **DISMISSED.**  The punitive damages claim against John Strozyk is **DISMISSED.**  Mr. Ward has **twenty-one (21) days** to amend his complaint to properly plead § 1983 claims against James Hart and the Borough of Towanda or to properly plead a punitive damages claim against John Strozyk; otherwise, the claims will be dismissed with prejudice.

 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge