IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID WARD,            Plaintiff, | :<br>:<br>:<br>: JURY TRIAL DEMANDED |
| v. | :<br>: |
| FRANK NOONAN, Commissioner of the Pennsylvania State Police; Individually, et. al.            Defendants | : No. 3:11-CV-00945<br>:<br>:<br>: |

**PROPOSED JURY INSTRUCTION OF PLAINTIFF, DAVID WARD**

Respectfully submitted,

/s/ Ernest D. Preate, Jr., Esquire
Ernest D. Preate, Jr., Esquire
400 Spruce Street, Suite 300
Scranton, Pa 18503
(570) 558-5970
COUNSEL FOR PLAINTIFF

1. **First Amendment**

**Trooper James Dughi**

As previously explained, the Plaintiff has the burden to prove that the act[s] of the defendant Trooper Dughi deprived the Plaintiff of particular rights under the United States Constitution. In this case, the Plaintiff alleges the defendant deprived him of his rights under the First Amendment to the Constitution when he questioned why the vehicle he was a passenger in was being stopped and others were let go.

Under the First Amendment, a citizen has the right to free expression. In order to prove the Defendant deprived the Plaintiff of this First Amendment right, the Plaintiff must prove the following additional elements by a preponderance of the evidence:

1. The Plaintiff engaged in speech or other specified conduct protected under the First Amendment;

2. The Defendant took action against the Plaintiff; and

3. The Plaintiff's protected speech or conduct was a substantial or motivating factor for the Defendant's action.

\*\* *The plaintiff's speech in this case about the traffic stop at the DUI checkpoint was protected under the First Amendment and, therefore, the first element requires no proof.*

\*\* *A substantial or motivating factor is a significant factor.*

2. Section 1983 - UNLAWFUL ARREST - PROBABLE CAUSE

**Trooper James Dughi, Officer John Strozyk, Officer James Hart**

An arrest is a "seizure," and the Fourth Amendment prohibits police officers from arresting a person unless there is probable cause to do so.

In this case, David Ward claims that Trooper Dughi, Officer Strozyk and Officer Hart arrested him and that is not disputed. However, the officers must prove by a preponderance of the evidence that the arrest was justified by probable cause.

To determine whether probable cause existed, you should consider whether the facts and circumstances available to the officers would warrant a prudent officer in believing that David Ward had committed or was committing a crime.

David Ward was arrested for the charges of Disorderly Conduct and Resisting Arrest which are misdemeanors, not a felony. This means that because the officers did not have a warrant for the arrest, the officers could only arrest David Ward for Disorderly Conduct and Resisting Arrest if David Ward committed the crime of Disorderly Conduct and Resisting Arrest.

David Ward was acquitted on all charges by a jury.

Probable cause requires more than mere suspicion.

However, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt. The standard of probable cause represents a balance between the individual's right to liberty and the government's duty to control crime. Because police officers often confront ambiguous situations, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable officers.

David Ward must prove that the officers in this case intended to commit the acts in question; but apart from that requirement, the officer's actual motivation is irrelevant. If the officer's actions constituted an unreasonable seizure, it does not matter whether the officers had good motivations. And an officer's improper motive is irrelevant to the question whether the objective facts available to the officer at the time gave rise to probable cause.

Third Circuit Model Jury Instruction 4.9; Patzig v. O'Neil, 577 F.2d 841 at 849, (3rd. Cir. 1978)

3.  **SECTION 1983 - EXCESSIVE FORCE CLAIM**

**Trooper Dughi, Trooper Thomas Blair, Officer John Strozyk**
**Officer James Hart**

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested or stopped by police. In other words, a law enforcement official may only use the amount of force necessary under the circumstances to make the arrest. Every person has the constitutional right not to be subjected to excessive force while being arrested or stopped by police, even if the arrest or stop is otherwise proper.

In this case, David Ward claims that Trooper James Dughi, Trooper Thomas Blair, Officer John Strozyk, and Officer James Hart used excessive force when they stopped and arrested him. In order to establish that, EITHER individually or collectively, Trooper James Dughi, Trooper Thomas Blair, Officer John Strozyk, OR Officer James Hart used excessive force, David Ward must prove both of the following by a preponderance of the evidence:

**First:**   **Either Trooper James Dughi, Trooper Thomas Blair, Officer John Strozyk, OR Officer James Hart intentionally committed certain acts.**

**Second:**   **Those acts violated David Ward's Fourth Amendment right not to be subjected to excessive force.**

In determining whether, EITHER individually or collectively, Trooper James Dughi, Trooper Thomas Blair, Officer John Strozyk, OR Officer James Hart acts constituted excessive force, you must ask whether the amount of force, EITHER individually or collectively, Trooper James Dughi, Trooper Thomas Blair, Officer John Strozyk, OR Officer James Hart used was the amount which a reasonable officer would have used in conducting the stop and making the arrest under similar circumstances.

You should consider those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied.

The circumstances relevant to this assessment can include [list any of the following factors, and any other factors, warranted by the evidence]:

A. The severity of the crime at issue;
B. Whether David Ward posed an immediate threat to the safety of EITHER Trooper James Dughi, Trooper Thomas Blair, Officer John Strozyk, OR Officer James Hart or others;
C. The possibility that David Ward was armed;
D. The possibility that other persons subject to the police action were violent or dangerous;
E. Whether David Ward was actively resisting arrest or attempting to evade arrest by flight;
F. The duration of, EITHER individually or collectively, Trooper James Dughi, Trooper Thomas Blair, Officer John Strozyk, OR Officer James Hart's actions;
G. The number of persons with whom EITHER, individually or collectively, Trooper James Dughi, Trooper Thomas Blair, Officer John Strozyk, OR Officer James Hart had to contend; and
H. Whether the physical force applied was of such an extent as to lead to unnecessary injury.

The reasonableness of Defendant's acts must be judged from the perspective of a reasonable officer on the scene. The law permits the officer to use only that degree of force necessary to make the arrest or conduct the stop. However, not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force.

The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, and rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, the Plaintiff, David Ward, must prove that either individually or collectively of the Defendant's intended to commit the acts in question; but apart from that requirement, the Defendants' actual motivation is irrelevant. If the force, either individually or collectively, of the Defendant's used was unreasonable, it does not matter whether the Defendant had good motivations.

And an officer's improper motive will not establish excessive force if the force used was objectively reasonable. What matters is whether, either individually or collectively, the Defendant's acts were objectively reasonable in light of the facts and circumstances confronting the Defendants.

**Third Circuit Model Jury Instruction 4.9; Graham v. Connor, 490 U.S. 386 (1989)**

4. **SECTION 1983 - DAMAGES - Punitive Damages**
   **Trooper James Dughi, Officer John Strozyk, Officer James Hart**

   In addition to compensatory or nominal damages, you may consider awarding Plaintiff punitive damages. A jury may award punitive damages to punish a Defendant, or to deter the Defendant and others like the Defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the Plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

   You may only award punitive damages if you find that a defendant acted maliciously or wantonly in violating [plaintiff's] federally protected rights. In this case there are multiple Defendants. You must make a separate determination whether each Defendant acted maliciously or wantonly.

   A violation is malicious if it was prompted by ill will or spite towards the Plaintiff. A Defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused Plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a Defendant had a conscious desire to violate rights or injure Plaintiff unlawfully.

   A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

   If you find that it is more likely than not that a particular Defendant acted maliciously or wantonly in violating Plaintiff's federal rights, then you may award punitive damages against that Defendant. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

   I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found that Defendant acted maliciously or wantonly in violating Plaintiff's federal rights.

If you have found that a Defendant acted maliciously or wantonly in violating Plaintiff's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the Plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent Defendant from again performing any wrongful acts he may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those Defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Defendant should be punished for his wrongful conduct toward Plaintiff, and the degree to which an award of one sum or another will deter Defendant or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the Defendant's action. For example, you are entitled to consider any of the following:

A. Whether a Defendant's act was violent or non-violent;
B. Whether the Defendant's act posed a risk to health or safety;
C. Whether the Defendant acted in a deliberately deceptive manner; and
D. Whether the Defendant engaged in repeated misconduct, or a single act.

You should also consider the amount of harm actually caused by the Defendant's act, as well as the harm that could result if such acts are not deterred in the future.

Bear in mind that when considering whether to use punitive damages to punish Defendant, you should only punish Defendant for harming Plaintiff, and not for harming people other than Plaintiff.

The extent to which a particular amount of money will adequately punish a Defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the Defendant's financial resources. Therefore, if you find that punitive damages should be awarded against any Defendant, you may consider the financial resources of Defendant in fixing the amount of such damages.

**Third Circuit Model Jury Instruction 4.8.3**